1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N.Y.F.S.,

                    Petitioner,

        v.

PAMELA BONDI,

                    Respondents.

CASE NO. 2:25-cv-02556-LK

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER
AND ORDERING PARTIES TO MEET
AND CONFER

     This matter comes before the Court on Petitioner N.Y.F.S.'s motion for a temporary restraining order ("TRO"). She asks the Court to prevent Respondents from removing her from the United States or transferring her from the Northwest ICE Processing Center in Tacoma ("NWIPC"), Washington to any other facility during the pendency of these proceedings.  For the reasons discussed below, the Court denies the motion.

## I.    BACKGROUND

     Petitioner is currently being held in detention at the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 1 at 6. She avers that she is woman from Honduras who fled to the United States to escape from the father of her children. *Id.* She states that she attended a hearing with an immigration judge in Utah, but was forced to flee that state "as the father of her children had

discovered where she had fled to." *Id.* As a result, a removal order was issued against her that she states she had no notice of. *Id* at 6–7. Petitioner states that she was detained by Immigration and Customs Enforcement ("ICE") on November 26, 2025 and her removal order was discovered when ICE ran her fingerprints at the Portland ICE facility. *Id.* at 7. Petitioner was then transferred to the NWIPC. *Id.* Petitioner states that she immediately "sought to obtain counsel to pursue a motion to reopen her removal proceedings, rescind her removal order, and pursue relief from deportation including through filing an asylum application and application for T-Visa." *Id.*

Petitioner states she has a four year old son and cares for her 20 year-old nephew. *Id* at 6–7. She states that she "continues to witness fellow detainees being torn from their units and being told they are being transferred to other states," and therefore "fears that at any moment she will be transferred and she will [lose] her access to counsel and her ability to care of her son." Dkt. No. 2 at 2. She also avers that she has a "high likelihood of succeeding in setting aside the removal order if she can retain her current counsel," and "the probability of removal is high due to the removal order." *Id.* at 4–5. She "seeks an emergency TRO and stay of removal." *Id.* at 2.

## II.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of

equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 22.

Here, Petitioner has not made the required showing that she is "likely to suffer irreparable harm in the absence of preliminary relief." *See Winter*, 555 U.S. at 20. Petitioner seeks to prevent transfer away from the NWIPC, but she advances no evidence that "irreparable injury is likely in the absence of an injunction." *See id.* at 22. Her motion states only that she "continues to witness fellow detainees being torn from their units and being told they are being transferred to other states," Dkt. No. 2 at 2, and this, without more, does not support an inference that *she* is likely to be transferred to another state. She speculates that a "transfer is likely to result in prolonged detention out of state, which separates her even further from her four year old son whose trauma at [losing] his mother increases every day that she is gone." *Id.* at 4. This speculation is not enough to establish that imminent harm is likely. *See, e.g., Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) (holding that because an injury is not imminent "but rather may occur at some indefinite time in the future, the injury does not support injunctive relief"). Similarly, her statement that "the probability of removal is high due to the removal order," Dkt. No. 2 at 5, does not establish that removal is imminent.

Because the Petitioner has not shown that imminent harm is likely, the Court cannot grant that "extraordinary remedy." *See Winter*, 555 U.S. at 24.

### III.    CONCLUSION

The Court orders as follows:

1. Petitioner's request for TRO preventing removal or transfer is DENIED because she does not establish imminent injury.

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING PARTIES TO MEET AND CONFER - 3

2. Petitioner's counsel SHALL immediately serve a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel (usawaw.Habeas@usdoj.gov) to meet and confer on (1) a briefing schedule for the petition for habeas corpus, and (2) whether the Government will agree to a stipulated order not to remove Petitioner from the United States and not to transfer her to another facility during the pendency of this action. The parties shall file a joint status report addressing these issues by no later than December 16, 2025.

3. Pursuant to the Court's "inherent authority and responsibility to protect the integrity of its [habeas] proceedings," *Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025), *aff'd in relevant part sub nom. Ozturk v. Hyde*, 136 F.4th 382, 394 (2d Cir. 2025), the Court provisionally ORDERS that Respondents must provide Petitioner and her counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to (1) move or transfer her from the Northwest Immigration and Customs Enforcement Processing Center (except for a move that is required for medical evaluation, medical treatment, or release) or (2) remove her from the United States. This Order remains in place until further order of the Court.

Finally, a notice regarding consent to a Magistrate Judge will be added to the docket. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than December 19, 2025, by emailing the form to Natalie Wood at Natalie_Wood@wawd.uscourts.gov. If the parties consent, a Magistrate Judge will preside over

//

//

//

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING PARTIES TO MEET AND CONFER - 4

the entire case through judgment. If the parties decline consent, the case will remain assigned to the undersigned. *See* Western District of Washington Local Civil Rule 73; *see also* General Order 5-25.

Dated this 12th day of December, 2025.

Lauren King
United States District Judge