UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.Y.F.S., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI et al., <br><br> Respondents. | CASE NO. 2:25-cv-02556-LK <br><br> ORDER GRANTING STIPULATED MOTION FOR BRIEFING SCHEDULE |

This matter comes before the Court on the parties' stipulated motion for a briefing schedule. Dkt. No. 9. The Court GRANTS the parties' stipulated briefing schedule for the habeas petition,[1] as follows:

| Filing | Deadline |
|---|---|
| Federal Respondents' Return Memorandum | December 23, 2025 |
| Petitioner's Response | December 30, 2025 |

---

[1] Although the U.S. Attorney's Office states that it does not represent Bruce Scott, *see* Dkt. No. 9 at 1, and Mr. Scott did not sign the stipulation, the Court finds that it is still appropriate to accept the stipulation because (1) the purpose of naming the custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

ORDER Granting Stipulated motion for BRIEFING SCHEDULE - 1

While "Federal Respondents do not stipulate to not remove Petitioner from the United States or not transfer her to another facility to effect that removal during the pendency of this action," *Id.* at 2, their refusal to so stipulate does not affect the Court's order requiring that:

> Respondents must provide Petitioner and her counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to (1) move or transfer her from the Northwest Immigration and Customs Enforcement Processing Center (except for a move that is required for medical evaluation, medical treatment, or release) or (2) remove her from the United States.

Dkt. No. 6 at 4. That order remains in effect until further order of the Court. *Id.*

Dated this 17th day of December, 2025.

Lauren King
United States District Judge